NOT DESIGNATED FOR PUBLICATION

No. 118,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY W. ROCCO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed April 27, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jerry W. Rocco appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Rocco's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), which the State did not contest in its response. After review, we affirm the district court.

Rocco pled guilty to one count of aggravated battery and three counts of aggravated endangering a child, all person felonies. On April 7, 2016, he was sentenced to 24 months in prison but was placed on probation from that sentence for 18 months. Just a few months later, in August 2016, Rocco stipulated to violating his probation by failing to report to his probation officer, resulting in the district court imposing a two-day

1

jail sanction. In August 2017, Rocco again stipulated to violating his probation by failing a drug test, waived his right to a hearing, and was sanctioned by his probation officer with two days in jail.

On October 3, 2017, Rocco stipulated to violating his probation for a third time, which included, among other things, committing new crimes of intimidation of a witness, domestic battery, criminal deprivation of property, and criminal trespass. According to the State, Rocco's acts allegedly included entering the victim's residence over her objection and taking the victim's phone from her while she attempted to call 911. Noting that it could not passively condone Rocco's new crimes by ordering an intermediate sanction, the district court revoked Rocco's probation and imposed his underlying prison sentence. On appeal, Rocco claims the district court erred in revoking his probation.

Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Rocco bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Rocco argues the district court abused its discretion when it revoked his probation and ordered him to serve his prison sentence because he had served most of his probation time and should have been given another intermediate sanction instead. While it is true that K.S.A. 2017 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison in a felony case, K.S.A. 2017 Supp. 22-3716(c)(8)(A) allows the district

court to wholly bypass the intermediate sanctions provisions of the statute if the defendant has committed a new felony or misdemeanor while on probation.

Here, it is undisputed that Rocco admitted to the commission of new offenses while on probation. Moreover, the district court specifically considered an additional intermediate sanction but rejected it given Rocco's admission to the new crimes. Accordingly, Rocco fails to persuade us that no reasonable person would have agreed with the district court's decision because it was entitled to revoke his probation and impose Rocco's underlying prison sentence. The district court did not abuse its discretion.

Affirmed.